MARATHON BUS LINE, PROSECUTOR, v. BOARD OF PUB-
LIC UTILITY COMMISSIONERS OF THE STATE OF NEW
JERSEY, PUBLIC SERVICE CO-ORDINATED TRANS-
PORT, PUBLIC SERVICE TRANSPORTATION COMPANY
AND PUBLIC SERVICE RAILWAY COMPANY, RESPOND-
ENTS.

Submitted October term, 1929—Decided May 10, 1930.

Before Justices TRENCHARD, LLOYD and CASE.

For the prosecutor, *John E. Toolan.*

For the respondents, *William H. Speer.*

PER CURIAM.

The application in this case is for a writ of *certiorari* to
review an order of the public utility commissioners respecting
the operation of bus lines of the Public Service Co-ordinated
Transport. The order permits the operation of ten jitney
buses between Tanners corner in South River and Water
street in Perth Amboy. It authorizes a change in the route
in South River of buses operated between South Amboy and
New Brunswick and finally it permits the abandonment of

trolleys on the Sayreville route and the substitution of buses between South River and South Amboy.

There seems to be no opposition to the abandonment of the Sayreville line, but the prosecutor, the Marathon Bus Company, operating buses between Perth Amboy and South Amboy and between Perth Amboy and Keyport, contends that the board was not justified in the remaining portion of the order which permits the placing of ten buses on the line between South River and Perth Amboy, paralleling the Marathon line where it operates between South Amboy and Perth Amboy. Included in the order, however, is the provision that the respondent shall not accept passengers in Perth Amboy for discharge in South Amboy north of the intersection of Felton street and Washington road and *vice versa;* that it shall not operate in the borough of Sayreville.

It is contended by the prosecutor that the order was illegal for two reasons: (1) that the municipal consents preceding the application to the board of public utility commissioners were conditional that operation should begin within specified periods from the time of granting the consents, and that the board was without jurisdiction; (2) that there was no evidence before the board to support, reasonably, the conclusion that the franchise applied for by the Public Service Co-ordinated Transport was necessary and proper for the public convenience.

We think neither of these grounds well founded. It is true that the municipal consent of the city of Perth Amboy was granted with the proviso that operation should begin three months from date, and the consent of the city of South Amboy to begin four months from date. Upon these consents being given application was promptly made to the utility commission, and after some delays the order appealed from was made, the time for operation within the periods named, however, having then expired.

We think at least two difficulties present themselves as a barrier to the present application on the first ground: (1) that the prosecutor is not a party in interest who can com-

plain of the breach of this condition, if such it be; and (2) that the consents cannot be thus collaterally attacked. We also think that it is doubtful that the proviso of the consent of these cities contemplated operation in advance of an approval by the board of utility commissioners, and certainly not without such consent. It was, therefore, reasonable to conclude that delays occasioned by the application to the board were not contemplated as being included in the times specified.

In addition this being an attack on the order of the board for want of jurisdiction and not on the municipal consents, it is sufficient to say that when the applications were first presented to the utility commission the time limit had under no construction expired. This gave the commission jurisdiction.

As to the contention that there was no evidence before the board to reasonably support the order, we think this is not established. A very considerable volume of testimony was adduced before the board. A careful checking up of travel was made and the needs of the communities affected, together with the interest of the prosecutor, were fully developed and carefully considered. The slight impairment of the business of the prosecutor by the limited paralleling of its lines, restricted as to local travel as it is by the order, does not militate against this view. Our examination of the record satisfies us that the order of the commissioners was fully sustained by the proofs and that the prosecutor has presented no grounds upon which it should be disturbed.

The rule will be discharged, with costs.